IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW WILKINS, <br><br> Plaintiff, <br><br> v. <br><br> INVICTA WATCH COMPANY OF AMERICA, INC., <br><br> Defendant. | CIVIL ACTION <br><br> NO. 25-9-KSM |

<u>MEMORANDUM</u>

**MARSTON, J.**                                                                                             July 14, 2025

Res judicata requires privity between parties; due process tolerates nothing less. Plaintiff Andrew Wilkins, a visually impaired person, attempted to access Defendant Invicta Watch Company of America, Inc.'s ("Invicta") website but discovered that it was incompatible with his screen reading software. (Doc. No. 1-2 at 4.) So he brought a class action lawsuit under the Americans with Disabilities Act ("ADA") against Invicta. (*Id.* at 3.) Invicta now moves to dismiss Wilkins's complaint. (Doc. No. 15.) It argues that res judicata bars his claims and he lacks standing to bring them because in another case involving a different plaintiff, Invicta entered a consent decree where it agreed to try to make its website ADA compliant. (*Id.*) Wilkins opposes Invicta's motion because, he says, the consent decree does not bind him. (Doc. No. 16.) Because Wilkins is right, the Court denies Invicta's motion to dismiss.

I.    **Background**[1]

Andrew Wilkins is visually impaired and legally blind. (Doc. No. 1-2 at 4.) Though he cannot see, Wilkins still surfs the web and shops online by using a screen reading software that reads text and describes images aloud. (*Id.* at 4–6.) For his software to work, however, the website "must be capable of being rendered into text." (*Id.* at 4.)

In November 2023, Wilkins visited Invicta's website to browse and potentially purchase a watch. (*Id.* at 6.) But he quickly discovered that he could not access the website because it failed to label titles, accurately describe images, or distinguish different pages. (*Id.*) And, he alleged, the website contained misleading headings and other unreadable text. (*Id.*) Based on these issues, Wilkins now claims that he and others similarity situated have been denied equal access to Invicta's website. (*Id*. at 6–7.) He further alleges that this denial of equal access harmed him because he cannot benefit from the goods and services offered to the public through the website. (*Id*.)

On November 7, 2024, Wilkins filed a class action complaint in the Court of Common Pleas of Chester County, Pennsylvania against Invicta. (*Id.* at 3.) In it, he claims that Invicta's website is a public accommodation under the ADA, and it has unlawfully discriminated against him and other similarly situated visually impaired or blind people by failing to make its website accessible. (*Id.* at 9–11.) He also seeks to certify the following class: "All legally blind individuals in the United States who have attempted to access Defendant's Website and as a result have been denied access to the equal enjoyment of goods and services during the relevant statutory period." (*Id.* at 8.) Wilkins last asks for attorneys' fees and costs, a preliminary and permanent injunction that requires Invicta to make and keep its website accessible to and usable

---

[1] These allegations come from Wilkins's complaint. (Doc. No. 1-2.) The Court assumes their truth for purposes of this motion. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

by blind people, and a declaration that Invicta's current website violates the ADA. (*Id.* at 11–12.)

Invicta timely removed the case to this Court on January 2, 2025. (Doc. No. 1.) At a status conference with the parties on January 29, 2025, defense counsel flagged that a consent decree had been entered in another case against Invicta to resolve similar ADA claims. The Court thus ordered the parties to meet and confer and file a status update about whether the consent decree covers the present dispute. The parties filed a joint status update on February 6, 2025 and explained that they could not agree on this issue. (Doc. No. 9.) So the Court entered a limited scheduling order to set deadlines for Invicta's motion to dismiss. (Doc. No. 10.)

On April 4, 2025, Invicta filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). (Doc. No. 15.) In it, Invicta argues that res judicata bars Wilkins's claims and that he lacks standing to bring them because Invicta has entered a consent decree in another case where it agreed to take reasonable efforts to make its website ADA compliant. (*Id.*) The consent decree purported to bind all visually impaired people who cannot access Invicta's website without the use of assistive technologies as third-party beneficiaries to the consent decree. (*Id.* at 7–8.) Wilkins opposes Invicta's motion. (Doc. No. 16.) He argues that res judicata does not apply and that he has standing because he is not in privity with the plaintiff in the other case. (*Id.*) The Court held oral argument on July 10, 2025. (Doc. No. 20.)

## II.     Legal Standard

### A.     Rule 12(b)(6) Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotations omitted). In performing this analysis, the court accepts "the allegations in the complaint as true, but [is] not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (internal quotations omitted).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). But "an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (cleaned up). The court may also "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 95 (3d Cir. 2011) (internal quotations omitted).

### B. Rule 12(b)(1) Standard

A party's motion for "want of standing is . . . properly brought pursuant to Rule 12(b)(1)" "because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). Under this standard, we must first determine whether the motion presents a facial attack or a factual attack. *The Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack is "an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court." *Id.* at 358. A factual attack

"is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* "Prior to filing an answer, a defendant's motion to dismiss is considered a facial attack." *Biggins v. U.S. Postal Serv.*, No. CV 22-6310 (MAS) (JTQ), 2025 WL 660606, at *2 (D.N.J. Feb. 28, 2025); *see also Curlin Med. Inc. v. ACTA Med., LLC*, No. 16-2464, 2016 WL 6403131, at *2 (D.N.J. Oct. 27, 2016) ("[T]he Third Circuit's recent cases suggest that only facial attacks, and not factual attacks, can be brought in a motion to dismiss before an answer is filed.").

Here, because Invicta has filed its motion before answering the complaint, the Court construes the Rule 12(b)(1) motion as a facial attack. The Court thus considers "the allegations of the complaint and documents referenced therein . . . in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Even under a facial challenge, however, the Court "may still consider public documents, websites, or other sources whose accuracy cannot reasonably be questioned." *Biggins*, 2025 WL 660606, at *3.

**III.   Discussion**

In its motion to dismiss, Invicta argues that res judicata bars Wilkins's complaint because Wilkins is a third-party beneficiary to a consent decree entered in a similar case in the United States District Court for the Eastern District of New York. (Doc. No. 15 at 11–15.) Invicta also argues that Wilkins lacks standing to bring his claims because his alleged injury is already being addressed through the consent decree. (*Id.* at 15–16.) Wilkins counters that res judicata is inapplicable because Invicta cannot show that he is bound by the consent decree. (Doc. No. 16 at 6–9.) For the same reason, Wilkins argues that he has standing to bring his class action complaint. (*Id.* at 9–11.) The Court agrees with Wilkins.

### A.     The Court Takes Judicial Notice of the *Rodriguez* Consent Decree

To start, the Court finds that Invicta's res judicata challenge is properly brought under Rule 12(b)(6).  *See M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010) ("[A]lthough issue preclusion is an affirmative defense, it may be raised in a motion to dismiss under Federal Civil Procedure Rule 12(b)(6).").  When, as here, "a plaintiff has not included the existence or substance of the prior adjudications in the body of, or attachments to, its complaint, it is axiomatic that a court must still consider the prior adjudication in order to determine whether issue preclusion bars that plaintiff's claims." *Id.*  The Court thus must "take notice of all facts necessary for the decision," including a "record from a previous court proceeding." *Toscano v. Connecticut Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008).  Because the consent decree in *Rodriguez v. Invicta Watch Co. of Am.*, No. 1:22-cv-07932 (E.D.N.Y. 2023) is necessary for the Court to resolve Invicta's res judicata challenge, the Court will consider it.

In *Rodriguez*, the plaintiff, Daniel Rodriguez, filed a class action complaint under the ADA against Invicta.  No. 1:22-cv-07932, Doc. No. 1 (E.D.N.Y. 2023).  Like Wilkins, Rodriguez is visually impaired, and he alleged that he was denied equal access to Invicta's website because it was incompatible with his screen reading software. *Id.* at 1, 7–11.  Rodriguez sought to certify a nationwide class of "all legally blind individuals in the United States who have attempted to access Defendant's Website and as a result have been denied access to the equal enjoyment of goods and services, during the relevant statutory period," as well as a New York City subclass. *Id.* at 11–12.  Rodriguez asked the court to issue a preliminary and permanent injunction that would require Invicta to ensure its website fully complies with the ADA. *Id.* at 18–19.

Before Invicta responded to the complaint, the parties reached a settlement agreement and presented a consent decree to the court for approval. *Rodriguez*, No. 1:22-cv-07932, Doc. Nos. 9, 11 (E.D.N.Y. 2023). The court approved the consent decree on August 30, 2023. *Id.*, Doc. No. 15 at 7. In it, Invicta agreed to "use [r]easonable [e]fforts" to make its website accessible and usable for all individuals with disabilities. *Id.*, Doc. No. 11-1 at 3–5. The consent decree also purported to bind "all persons . . . who establish that they have a visual disability, as defined by the ADA, that makes them unable to access information on the Website without commercially-available assistive technologies" as third-party beneficiaries. *Id.* at 8, 11. Per the consent decree, any third-party beneficiary must follow a specific dispute resolution process in order "to bring a cause of action against Defendant or to seek relief from the Court in connection with" the allegations in the complaint. *Id.* at 5. The consent decree expires on August 30, 2027. *Id.* at 3.

### B. Res Judicata Does Not Bar Wilkins's Complaint

Invicta first argues that Wilkins's complaint should be dismissed based on res judicata. (Doc. No. 15 at 11–15.) Res judicata bars a claim if "there has been (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *E.E.O.C. v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990). Invicta argues that the consent decree counts as a final judgment, the two suits involve the same claim, and Wilkins is in privity with the plaintiff in *Rodriguez* because he is a third-party beneficiary to the consent decree. (Doc. No. 15 at 11–15.) Wilkins contests only the third element—that he is in privity with the plaintiff in *Rodriguez*. (Doc. No. 16 at 6–9.) Because no class was certified in the *Rodriguez* case, he argues that is not bound by the judgment "for res judicata purposes." (Doc. No. 16 at 8–9.) The Court agrees.

7

It is a bedrock principle "in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Hansberry* v. *Lee*, 311 U.S. 32, 40 (1940). This rule stems from our "deep-rooted historic tradition that everyone should have his own day in court." *Taylor v. Sturgell*, 553 U.S. 880, 892–93 (2008) (internal quotations omitted). With these concerns in mind, the Supreme Court has endorsed a "constrained approach to nonparty preclusion." *Id.* at 898.

A class action is an exception to this foundational principle. *See Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984). But for a class action settlement to bar the claims of other class members, the class must be properly certified under Federal Rule of Civil Procedure 23. As the Supreme Court has explained, "a properly conducted class action, with binding effect on nonparties, can come about in federal courts in just one way—through the procedure set out in Rule 23." *Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011) (internal quotations omitted).

Here, a class was not certified in *Rodriguez*. Though the consent decree purported to bind nonparties as third-party beneficiaries, "without certification there is no class action, and in a settlement entered without class certification[,] the judgment *will not have res judicata effect on the claims of absent class members*." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 800 (3d Cir. 1995) (cleaned up); *see also Devlin v. Scardelletti*, 536 U.S. 1, 16 n.1 (2002) (Scalia, J., dissenting) (describing the argument that "a nonnamed class member is a party to the class-action litigation *before the class is certified*" as "surely erroneous"). The consent decree thus does not bar Wilkins's claims.

Invicta resists this conclusion. While a class was not certified, Invicta argues that Wilkins is still bound by the consent decree because "Plaintiff Rodriguez has already represented the interests of Plaintiff Wilkins and those of the putative class asserted." (Doc. No. 19 at 4.) In other words, Invicta says because Plaintiff Rodriguez has virtually represented Wilkins's interests and the interests of his proposed putative class, res judicata should bar his claims.

Not so. For one, Invicta's privity argument is "dangerously broad," *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 312 (3d Cir. 2009), and "would authorize preclusion based on identity of interests and some kind of relationship between parties and nonparties, shorn of the procedural protections prescribed in . . . Rule 23," *Taylor*, 533 U.S. at 901. Because of these concerns, the Third Circuit has said that "privity requires a prior legal or representative relationship between a party to the prior action and the nonparty against whom estoppel is asserted. Without such a relationship, there can be no estoppel." *George V. Hamilton, Inc.*, 571 F.3d at 312. Here, Rodriguez and Wilkins have no prior legal or representative relationship. In fact, their only connection is that they are both legally blind people who could not access Invicta's website. Allowing nonparty claim preclusion here would skirt Rule 23's "due process" protections and would thus be inappropriate. *Taylor*, 553 U.S. at 901.

For another, the key case that Invicta relies on shows why res judicata does not apply. In *Johnson v. Publix Super Markets, Inc.*, No. 14-21232-CIV, 2015 WL 13388564 (S.D. Fla. Mar. 10, 2015), the court ruled that res judicata barred a lawsuit brought by a hearing-impaired plaintiff against Publix under the ADA. The court explained that there was a class action settlement and consent decree entered in a prior case that resolved identical claims. *Id.* at *4–6. After notice was sent out to the settlement class (which included the plaintiff of the second

9

lawsuit), the court certified the class under Rule 23 and entered the consent decree. *Id.* The Court thus easily found that the third element of res judicata—that the parties, or those in privity with them, are the same—was satisfied because plaintiff was a member of the settlement class. *Id.* at *6.

By contrast, here, there was no class action settlement agreement in *Rodriguez*. Wilkins was not a member of a settlement class, nor did he ever receive notice that there was a pending action in the Eastern District of New York. So, unlike in *Johnson*, the Court cannot find that Wilkins's claims are barred by res judicata because the parties, or those in privity with them, are not the same.

* * *

Simply put, the consent decree does not bind Wilkins. He was not a member of a settlement class, he did not receive notice of the action, and he was not in privity with the plaintiff in *Rodriguez*. So res judicata does not bar his class action complaint. *See Black Grievance Committee v. Phila. Electric Co.*, 79 F.R.D. 98, 104 (E.D. Pa. 1978) ("We hold that those plaintiffs who were neither parties to, nor in privity with parties to, the consent decree are not barred from requesting all relief, on behalf of themselves and all others similarly situated, to which they are entitled under the claims alleged in their complaint.").

### C. Wilkins Has Standing to Bring His Claims

Even if res judicata does not bar Wilkins's claims, Invicta argues that Wilkins still lacks standing to bring them. (Doc. No. 15 at 15–16.) Invicta contends that Wilkins lacks standing because (1) he failed to follow the dispute resolution procedures in the *Rodriguez* consent decree and (2) he failed to show redressability because his "alleged injury is already being addressed" through the consent decree in *Rodriguez*. (*Id.*) Wilkins counters that (1) he is not bound by the

10

consent decree and (2) a favorable ruling will redress his injury because he seeks broader relief than the consent decree offers in *Rodriguez*. (Doc. No. 16 at 9–11). The Court agrees with Wilkins again.

For Wilkins to establish standing, he must "show [1] that [he] has suffered, or will suffer, an injury that is concrete, particularized, and actual or imminent; [2] fairly traceable to the challenged action; and [3] redressable by a favorable ruling." *Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (internal quotations omitted). Invicta contests only the third element of standing—redressability.[2] (Doc. No. 15 at 15–16.) To satisfy this element, Wilkins must show that it is "likely, as opposed to merely speculative, that [his] injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotations omitted). But he need not show that the remedy will fully eliminate the harm, only that it will offer some effectual redress. *Uzuegbunam v. Preczewski*, 592 U.S. 279, 291 (2021).

Invicta's first argument fails for the reasons set forth in the previous section. Though Invicta contends that that Wilkins lacks standing because he did not follow the dispute resolution procedures in the *Rodriguez* consent decree, Wilkins is not bound by the consent decree. He was not a party to the *Rodriguez* litigation, nor was he in privity with the plaintiff in that case. So, Wilkins's right to seek relief in this court is not extinguished by a settlement that he did not join or have notice of and which offered him no procedural protections.

Invicta's second argument fails too. Invicta claims that Wilkins's injury is not redressable because it is already being redressed by the *Rodriguez* consent decree. (Doc. No. 15 at 15.) Yet a consent decree from a different case that offers some overlapping relief does not eliminate redressability for a non-party plaintiff seeking broader or ongoing injunctive relief.

---

[2] The Court finds, and Invicta does not contest, that Wilkins has alleged that he has suffered an injury in fact caused by Invicta's conduct.

*See Haynes v. Hooters of Am., LLC*, 893 F.3d 781, 783–84 (11th Cir. 2018); *Kuhn v. Phila. Elec. Co.*, 80 F.R.D. 681, 686 (E.D. Pa. 1978) ("It cannot be said that a class action is an unnecessary duplication if additional relief is ordered."). Such is this case here. True, the *Rodriguez* consent decree provided Wilkins "with much of the relief he requested," *Haynes*, 893 F.3d at 784, as Invicta promised to use reasonable efforts to make its website accessible for the duration of the consent decree (until August 30, 2027), *Rodriguez*, No. 1:22-cv-07932, Doc. No. 15 at 3 (E.D.N.Y. 2023). But "there is still a live controversy about whether [Wilkins] can receive an injunction to force [Invicta] to make its website ADA compliant or to *maintain* it as such." *Haynes*, 893 F.3d at 784 (emphasis added). And in his complaint, Wilkins "seeks a permanent injunction to cause a change in [Invicta's] corporate policies, practices and procedures so that [its] website will become and *remain accessible* to blind and visually-impaired consumers." (Doc. No. 1-2 at 5 (emphasis added).) Because the relief that Wilkins seeks goes beyond what the consent decree offers, the Court finds that Wilkins has standing to bring his claims. *See Douglass v. Ariat Int'l, Inc.*, No. 24CV0833, 2024 WL 4505136, at *4 (W.D. Pa. Oct. 16, 2024) ("[The] court finds that it is not stripped of jurisdiction in this matter based on a consent decree from a different case in a different United States District Court where Plaintiff was not a party and the relief sought herein differs.")

### IV. Conclusion

Because Wilkins has standing to bring his claims and res judicata does not bar them, Invicta's motion to dismiss is denied. An appropriate order follows.